UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CR-126-1FL

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER PAUL RIVERA | ORDER |

This matter comes before the Court on the defendant's notice of consent to waive his revocation hearing and motion for sentence to nine months.[1] Upon agreement, the parties seek a sentence of nine months in this matter. Upon review by the Court, the waiver is ALLOWED and it is the JUDGMENT of this Court that defendant Christopher Paul Rivera shall be sentenced to a period of nine months in the custody of the Bureau of Prisons or its authorized representatives with credit for time already served.

Rule 32.1 of the Federal Rules of Criminal Procedure allows a defendant to waive his right to a revocation hearing where a defendant knowingly and voluntarily admits the violation outlined in the motion for revocation. Through his pleading, Mr. Rivera admits the violation –absconding. Mr. Rivera further requests that his hearing is waived and that his matter be adjudicated on the pleadings. As the Court is satisfied that Mr. Rivera has met the requirements of Rule 32.1, the waiver is accepted.[2]

Mr. Rivera was sentenced to 65 months imprisonment and a 36-month term of supervised release for a violation of 18 U.S.C. § 922(g). His term of supervised release began on December 9, 2015 and

---

[1] Also before the Court is a petition to revoke defendant Christopher Paul Rivera's term of supervised release. [DE-33].

[2] A knowing and voluntary waiver of the right to a full revocation hearing may be inferred from the totality of the circumstances and without a formal colloquy with the defendant. *United States v. Farrell*, 393 F.3d 498, 500 (4th Cir. 2005) (discussing the totality of circumstances found in the record); *United States v. Stehl*, 665 F.2d 58, 59-60 (4th Cir. 1981) (discussing the application of Fed. R. Crim. P 11 to revocation proceedings)).

would have expired on or about December 9, 2018. The primary focus in fashioning a supervised release revocation sentence is on the breach of trust. *United States Sentencing Guidelines* Ch. 7, Pt. A(3)(b). However, the sentence imposed upon revocation is "intended to sanction the [defendant] for failing to abide by the conditions of court-ordered supervision." *United States v. Crudup*, 461 F.3d 433, 438; *see also United States Sentencing Guidelines* Ch. 7, Pt. A(3)(b).

Absconding is a grade C violation. In consideration of Mr. Rivera's criminal history category of IV, Chapter 7 of the *Sentencing Guidelines* recommends a guideline range of 6-12 months. Mr. Rivera has been in custody since on or about October 19, 2019. The parties agree that a sentence of nine months, in the middle of the guideline range, is an appropriate sentence. The Court adopts this recommendation.

WHEREFORE, the Court finds that Christopher Paul Rivera has violated the terms and conditions of the judgement as follows:

1. Absconding.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the supervised release term is revoked, and the defendant is ordered committed to the custody of the Bureau of Prisons or its authorized representative for imprisonment for a period of 9 months. The defendant shall receive credit for time already served.

IT IS FURTHER ORDERED that the Clerk provide the U.S. Marshal a copy of this Judgment and same shall serve as the commitment herein.

SO ORDERED.

This 6th day of April, 2020.

LOUISE W. FLANAGAN
United States District Judge